IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID J. WALDRON	*
	*
	*
	v.	*	Case No.: 1:10-cv-551
	*
	*
ATRADIUS COLLECTIONS, INC.	*
	*
	*
	*****

MEMORANDUM

Now pending before the court is Defendant Atradius Collections, Inc.'s ("Atradius") motion to dismiss Plaintiff's complaint for lack of personal jurisdiction, or in the alternative a motion to transfer venue. Plaintiff David J. Waldron ("Plaintiff") filed the instant complaint alleging a breach of contract and a violation of the Maryland Wage Payment Collection Law ("MWPCL") after being terminated from his employment with Atradius. For the following reasons, I will grant Atradius' motion to transfer venue to the Northern District of Illinois.

I. **Background**[1]

Atradius is a corporation organized under Illinois law with its principal place of business in Illinois. (Mem. in Supp. of Atradius' Mot. to Dismiss ("Atradius' Mem.") at 3.) Atradius maintains that this is its only corporate office in the United States; however, an affiliated

---

[1] While the burden to prove jurisdiction is on the plaintiff, I construe all disputed facts and reasonable inferences in favor of the plaintiff. *See, e.g.*, *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.,* 334 F.3d 390, 396 (4th Cir. 2003).

1

corporation, Atradius Trade Credit Insurance Inc. ("ATCI"), is located in Hunt Valley, Maryland.[2]

Plaintiff's employment with Atradius commenced after he received a written offer letter at his residence in Maryland on October 31, 2007 from Raymond van der Loos, Managing Director of Atradius. (Mem. in Supp. of Pl.'s Opp. ("Pl.'s Mem.") at 2.) The offer was the product of a series of negotiations conducted between Atradius' headquarters in Amsterdam and Plaintiff's residence in Maryland. (*Id.*) The letter was printed on ATCI letterhead, with a return address in Baltimore, Maryland. Atradius maintains that this was an administrative error, and that Atradius and ATCI are unaffiliated.

As specified in the employment agreement, Plaintiff's place of employment was in Illinois; he was not permitted to telecommute from Maryland. However, throughout the pendency of his employment with Atradius, Plaintiff never permanently relocated to Illinois. (*Id.* at 8.) The initial offer letter contemplated that Plaintiff would relocate within ten months of the start of his employment. (*Id.*, Ex. C.) However, in April 2009, Atradius approved Plaintiff's request to remain in Maryland for at least two years until the housing market stabilized. (*Id.*, Ex. F.) Plaintiff resided in a long term hotel when working in Illinois. (*Id.*)

Atradius maintains that it "does not engage in activity that can be interpreted as doing business in Maryland or directly targeting Maryland residents." (Atradius' Mem. at 3.) However, an addendum to Plaintiff's offer letter makes clear that while Plaintiff was hired to work in Illinois, Plaintiff was expected to perform some of his duties in Baltimore, Maryland. Specifically, Plaintiff was informed that "you will – as your position requires – spend time in the

---

[2] Atradius and ATCI are owned by separate holding companies which ultimately fall under the same parent company in the Netherlands, Atradius N.V. (Atradius' Mem. at 3, Ex. A ¶6.)

field working with our Sales Organisation as well as spend time in Atradius' Baltimore office."[3] (*Id.*, Ex. E and G.) This arrangement is confirmed in subsequent correspondence in which Mr. van der Loos agreed to reimburse Plaintiff for one trip per month to Baltimore.

This case stems from events surrounding Atradius' termination of Plaintiff's employment in October 2009. Plaintiff contends that Atradius owes him six months of severance pay pursuant to his employment agreement. Atradius claims that Plaintiff was terminated for cause, and therefore, is not entitled to severance pay. Specifically, Atradius claims that Plaintiff had been engaged in "unprofessional behavior of a sexual nature toward multiple employees" in Atradius' Illinois office. (Atradius' Mem. at 3.) Atradius informed Plaintiff that this behavior was in conflict with the Atradius Code of Conduct and warranted his "termination for cause." (*Id.*) Plaintiff contends that these accusations are untrue and merely a pre-textual justification to avoid making severance payments.

II. **Analysis**

To exercise personal jurisdiction over Atradius: "(1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). "Maryland courts have consistently held that the state's long arm statute is coextensive with the limits of personal jurisdiction set by the due process clause of the Constitution." *Id.*; *see also Kortobi v. Kass*, 978 A.2d 247, 256 (2009). Therefore, "statutory inquiry necessarily, merges with the constitutional inquiry, and the two inquiries essentially become one." *ALS Scan, Inc. v. Digital Serv.*

---

[3] The "Baltimore Office" referenced is ACTI's Maryland Office. (Pl.'s Mem., Ex. E and G.)

*Consultants, Inc.*, 293 F.3d 707, 710 (4th Cir. 2002). Where, as here, the plaintiff contends that personal jurisdiction is proper based on specific jurisdiction, I must examine "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Id.* at 712; *see also Burger King Corp. v. Redzewiecz*, 471 U.S. 462, 476-77 (1985).

In a breach of contract suit, purposeful availment is satisfied where the contract has a "substantial connection" to the forum state. *Id.* at 479; *see also McGee v. Int'l Life Ins. Co.*, 335 U.S. 220, 223 (1957). The "purposeful availment" requirement ensures that a defendant will not be hailed into a jurisdiction solely as a result of "random, isolated, or fortuitous" contacts. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984). The mere residency of a party to the contract is not, by itself, sufficient for that State to assert jurisdiction. *Burger King*, 471 U.S. at 478. Nor are "telephone calls and correspondence with the plaintiff in the forum state" alone sufficient to establish a substantial connection. *Bond v. Messerman*, 895 A.2d 990, 1000 (Md. 2006). However, when a nonresident defendant has maintained a set of "continuing obligations"[4] with residents of the forum state, he has availed himself of conducting businesses there. *Burger King*, 471 U.S. at 476.

The balance of facts surrounding Plaintiff's employment agreement appears to suggest that Atradius has not purposefully established sufficient minimum in Maryland contacts to support the exercise of personal jurisdiction in the instant case. The relevant facts are as follows:

---

[4] To assess whether there are continuing obligations, "the court must perform an individualized and pragmatic inquiry into the surrounding facts such as prior negotiations, the terms of the contract, the parties' actual course of dealing, and contemplated future consequences, in order to determine 'whether the defendant purposefully established minimum contacts within the forum.'" *Johansson Corp v. Bowness Const. Co.*, 304 F. Supp. 2d 701, 705 (D. Md. 2004) (citing *Burger King*, 471 U.S. at 476).

4

1. The formal offer of employment was sent by Atradius to Plaintiff at his residence in Maryland.
2. The offer letter was written on ACTI letterhead with a return address in Baltimore Maryland.
3. Throughout the term of his employment, Plaintiff's residence was Maryland.
4. Atradius paid Maryland taxes and unemployment insurance during Plaintiff's employment.
5. The formal offer of employment noted that Plaintiff was "required" to work in Baltimore at least once per month.
6. The vast majority of Plaintiff's work was done in Illinois.
7. The factual basis of the instant action relates to Plaintiff's performance under the employment contract while in Illinois.

That Plaintiff was required to work in Baltimore each month certainly supports personal jurisdiction. However, the additional facts are either unhelpful or counsel against exercising personal jurisdiction. The Fourth Circuit has given great weight to the question of who initiated the contact between the parties. *See, e.g.*, *Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners,* 229 F.3d 448, 451 (4th Cir. 2001), but here it is unclear which party initiated the contact. Finally, the remaining connections to Maryland are Plaintiff's contacts, not Atradius'. *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (concluding that the actions of the defendant himself must create a substantial connection with the forum, not the "unilateral activity of those who claim some relationship with a non resident defendant").

The particular nature of the instant suit further cuts against exercising personal jurisdiction. The dispute as to whether Atradius breached the employment agreement is substantively connected to alleged incidents in Illinois, and bears only an incidental relationship to Atradius' contacts with Maryland. *Cf. Himes Assoc., LTD. v. Anderson*, 943 A.2d 30, 45-46 (Md. Ct. Spec. App. 2008) (concluding under similar facts that an employment dispute related to work done in Maryland was substantially connected to Maryland and therefore personal

jurisdiction was appropriate). If I were required to resolve the issue, I would be inclined to conclude that Atradius has not "purposefully availed itself of the privilege of conducting activities within" Maryland and that the assertion of personal jurisdiction over it for the purposes of this suit would therefore be unconstitutional.

However, there is a narrower ground of decision available under 28 U.S.C. § 1404(a), transfer of venue to the Northern District of Illinois. In the instant case, the constitutional question or personal jurisdiction is a close one upon which reasonable minds could differ. There is no reason to inject such a question into the case unnecessarily. It would not be in the interests of any of the parties or witnesses to litigate this case in Maryland, only to have a ruling upholding the assertion of jurisdiction over Atradius reversed on appeal. Nor would that course further the general public interest in the sound and efficient administration of justice or effectuate the specific purposes of the Civil Justice Reform Act of 1990 to reduce the cost and delay of litigation. *See* 28 U.S.C. §§ 471 *et seq*; *see also Joseph Coleman & Assoc., LTD. v. Colonial Metals*, 887 F. Supp. 116, 120 (D. Md. 1995).

The focus of the instant action is in Illinois, where Plaintiff is alleged to have engaged in conduct violative of Atradius' company policy. The likely witnesses are in Illinois and Amsterdam. Plaintiff regularly traveled between Maryland and Illinois for nearly two years; therefore it cannot be unduly burdensome to require Plaintiff to travel to Illinois to try this case. Under these circumstances I find that Plaintiff's choice of forum must yield to other interests, and I will grant Atradius' motion to transfer the action to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). A separate order to that effect is being entered herewith.[5]

---

[5] At this time I am not resolving whether Plaintiff's Maryland Wage Payment Collection Law ("MWPCL") claims should be dismissed. To the extent that it is helpful to my colleagues in the Northern District of Illinois, I note that I would be inclined to conclude that Atradius satisfies the definition of employer under the MWPCL and is therefore subject to its remedial provisions. *See* Md. Code Ann., Lab. & Empl. § 3-501. The MWCPL defines "employer" to

6

DATE: 6/9/2010          __/s/_____
                        J. Frederick Motz
                        United States District Judge

---

include any person who employs an individual in the state." *Id.* "Employ" is defined in Md. Code Ann., Lab. & Empl. § 3-101: "[E]mploy means to engage an individual to work . . . 'Employ includes: (i) allowing an individual to work; and (ii) instructing an individual to be present at a work site." As discussed previously, Plaintiff was required to make monthly trips to Baltimore, Maryland on behalf of his employer. Without more, Atradius therefore appears to be an employer under the MWPCL. *See Himes*, 943 A.2d at 48 (concluding that an employer who required an employee to attend bi-monthly meetings in Maryland fell within the scope of the MWCPL).